**Juan A. MORALES MORALES, Plaintiff,**

v.

**Luis Rafael ARIAS, Defendant.**

**Civ. No. 85–0925 (JAF).**

United States District Court, D. Puerto Rico.

March 18, 1987.

Pedro Miranda Corrada, San Juan, P.R., for plaintiff.

Juan L. Rodríguez Quesada, Ramirez & Ramirez, San Juan, P.R., Héctor Rivera Cruz, Secretary of Justice, Com. of Puerto Rico, for defendant.

## OPINION AND ORDER

FUSTE, District Judge.

This case stands submitted on defendant's motion for summary judgment, plaintiff's opposition thereto, as well as defendant's reply.[1] The same involves a patronage dismissal because of alleged political discrimination. The case relates to Puerto Rico's general elections held in November 1984. There, the New Progressive Party lost the general elections to the Popular Democratic Party. After the elections, defendant, Luis Rafael Arias, Director of the Puerto Rico Public Buildings Authority, dismissed plaintiff, Juan A. Morales Morales, from the position of General Auditor, Office of Internal Auditing, Public Buildings Authority. Under *Celotex v. Catrett,* — U.S. —, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986), the matter having been duly supported for and against, summary judgment may be entered *sua sponte* for the opposing party, so long as defendant was on notice that he had to come forward with all the evidence. Defendant's moving papers fully comply with that burden. Fed.R.Civ.P. 56.

A review of this record shows that political affiliation is not an appropriate requirement for the effective performance of the position of General Auditor at the Office of Internal Auditing of the Public Buildings Authority. *De Choudens v. Government Development Bank,* 801 F.2d 5 (1st Cir. 1986).[2] Plaintiff's position calls for the overseeing of the financial administrative and operational activities of the Public

Buildings Authority, the supervision of the personnel ascribed to the Internal Audit Office, and the preparation of the usual work program of the Internal Audit Office. He personally intervenes in those audits which are of a more complex or delicate nature, advises other area directors and offices in administrative and operational matters, keeps the Executive Director informed of the results of the work rendered in the office, and executes any special project which is assigned to him by the Executive Director or the Board of Directors.

An examination of the organic law of the Puerto Rico Public Buildings Authority, 22 L.P.R.A. secs. 901–932, shows that this agency is engaged in nonpolitical business. Its function is to prepare plans and designs for office buildings and related facilities, so as to provide facilities for offices of the Commonwealth, or of any department, agency, instrumentality or municipality. The Authority may lease, construct, equip, or finance any such facility, but it has no input of significance on public-policy considerations.

In deciding that political affiliation is not an essential requirement, we note defendant's position to the effect that political affiliation was not the decisive factor, but that, in any event, had that been the case, the dismissal was protected.[3] In this respect, facing such pattern argument, the district court has been caught up until recently between the general holding of *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct.

---

**1.** The motion for summary judgment is based on the doctrine of qualified immunity, *De Abadía v. Izquierdo Mora,* 792 F.2d 1187 (1st Cir.1986). The motion, in turn, relies on *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), *see Jiménez Fuentes v. Torres Gaztambide,* 803 F.2d 1 (1st Cir.1986), that is, whether the employee was discharged because of political affiliation in violation of his first and fourteenth amendment rights. We find that the motion exchange fully addresses all issues.

**2.** *See also Méndez Palou v. Rohena-Betancourt, Rodríguez Ramírez v. González-Chapel, Giménez Boehm v. Riefkohl,* 813 F.2d 1255 (1st Cir.1987); *Ramón Monge Vázquez v. Santos Rohena Betancourt* and *Pablo Ortiz Lebrón v. Alejandro*

*Santiago Nieves,* 813 F.2d 22 (1st Cir.1987); *Rosado v. Zayas* and *Morales Burgos v. Custodio,* 813 F.2d 1263 (1st Cir.1987). Although these cases were decided solely under qualified immunity considerations, they contain potent language suggesting what the ultimate result ought to be, i.e., complete dismissal. It is difficult to imagine any other practical interpretation. The fact that the Court of Appeals failed to grant such complete remedy obeys to procedural considerations. There, contrary to this case, all the issues were not before the Court of Appeals.

**3.** Defendant's justification for the personnel action is that the employee in question was a trust or confidential employee ("de confianza") under Puerto Rico's Personnel Law, 3 L.P.R.A. sec. 1350.

1287, 63 L.Ed.2d 574 (1980), followed by the Supreme Court of Puerto Rico, *see Echevarría v. Gracia Anselmi*, 642 F.Supp. 843, App. I, II (D.P.R.1986), and developing circuit court case law.

As we see it today, the strictures of First Circuit precedent seem to give great weight to Puerto Rico's Personnel Law and its traditional classifications of employment in two categories, trust and career employees. 3 L.P.R.A. secs. 1350, 1352. The circuit court has elected, as a policy choice, to depart from a broad *Branti* and local Supreme Court precedent application. *See* cases decided March 10, 1987, cited at note 2, and *Collazo Rivera v. Torres Gaztambide*, 812 F.2d 258 (1st Cir.1987); *Jiménez Fuentes v. Torres Gaztambide*, 803 F.2d 1 (1st Cir.1986); *De Abadía v. Izquierdo Mora*, 792 F.2d 1187 (1st Cir.1986). Of course, the circuit court precedent does not direct the district court to dismiss all cases and, therefore, when, as here, the employee's potential policy making, confidential, and communicative position is empowered and constrained by the limits of his specialized function within the Public Buildings Authority, *Branti* is still of application as an exception. *De Choudens v. Governmental Development Bank*, 801 F.2d 5 (1st Cir.1986).

Here, we do not have a statistician or accountant/auditor with a significant role in helping to make economic and social policy for the Commonwealth of Puerto Rico. *Morales Burgos v. Custodio*, 813 F.2d 1263, 1266 (1st Cir.1987). This auditor is not a spokesperson and has no representative functions of importance. Here, his duties are to be measured solely by strictly technical or professional criteria. The job appears nonpartisan in nature and not a proper target of patronage dismissal. *Méndez Palou v. Rohena-Betancourt*, 813 F.2d 1255, 1258 (1st Cir.1987).

By virtue of the foregoing, defendant's motion for summary judgment based on qualified immunity considerations is hereby DENIED. Summary judgment is entered *sua sponte* for plaintiff and against defendant. Injunctive relief as prayed for is hereby GRANTED. The plaintiff will be reinstated to the position of General Auditor, Public Buildings Authority, which he held, with back pay, including all privileges and benefits to which he would have been entitled had it not been for his separation from employment. Damages will not be assessed.

Judgment will be entered accordingly. IT IS SO ORDERED.