**Jose Ramon ECHEVARRIA,
Plaintiff, Appellee,**

**v.**

**Jose G. GRACIA–ANSELMI, etc., et al.,
Defendants, Appellants.**

**No. 86–1880.**

United States Court of Appeals,
First Circuit.

Heard June 4, 1987.
Decided July 22, 1987.

Paul B. Smith, Jr., with whom Pedro Juan Perez Nieves, Saldana, Rey, Moran & Alvarado, Santurce, P.R., Hector Rivera-

Cruz, Secretary of Justice, and Rafael Ortiz-Carrion, Sol. Gen., San Juan, P.R., were on brief, for defendants, appellants.

Israel Roldan Gonzalez, Aguadilla, P.R., for plaintiff, appellee.

Before COFFIN, DAVIS* and SELYA, Circuit Judges.

PER CURIAM.

In this political discharge case, Jose G. Gracia Anselmi, former Administrator of Puerto Rico's Right to Employment Administration ("REA"), and Rafael Cordero-Santiago, Gracia's successor, appeal a final judgment of the district court reinstating plaintiff Jose Ramon Echevarria ("Echevarria") to his former position as REA Regional Director for the Ponce region and awarding him $12,000 in compensatory damages, 642 F.Supp. 843. Appellants contend that the district court erred in holding that the position of REA Regional Director is not one for which "political affiliation is an appropriate requirement." *Branti v. Finkel*, 445 U.S. 507, 518, 100 S.Ct. 1287, 1294, 63 L.Ed.2d 574 (1980). We agree with this contention and therefore reverse the decision of the district court.

We first considered the position of REA Regional Director in *Perez Quintana v. Gracia Anselmi*, 817 F.2d 891 (1st Cir. 1987), on interlocutory appeal from a denial of summary judgment on the basis of qualified immunity. It is undisputed that Perez Quintana's position and job description, *see id.* at 892–93, are identical to those at issue in this case. *Perez Quintana* does not precisely control the case at bar, however, because the nature of that appeal did not permit us to reach the merits of the constitutional question and determine whether it is permissible to discharge an REA Regional Director on the basis of political affiliation. Instead, we held more narrowly that the defendant should have been granted qualified immunity because the plaintiff was not "entitled to clearly established protection against politically motivated discharge at the time of his dismissal." *Id.* at 893.

Despite the procedural differences between *Perez Quintana* and the instant case, we believe that *Perez Quintana*'s analysis of the REA Regional Director position is entirely relevant to the disposition of this appeal. As we demonstrated in *Perez Quintana*, the position of REA Regional Director is "potentially concerned with matters of partisan political interest," *id.* at 892, and is intimately involved with "policymaking, confidential, and official communicative tasks," *id.* at 893. Thus, political affiliation is an appropriate requirement for the position of REA Regional Director because it satisfies both prongs of the test set forth in our en banc decision in *Jimenez Fuentes v. Torres Gaztambide*, 807 F.2d 236, 241–42 (1st Cir.1986) (en banc). *See Rosario Nevarez v. Torres Gaztambide*, 820 F.2d 525, 527–29 (1st Cir. 1987). Because Echevarria's demotion does not offend the Federal Constitution, we hold that he is not entitled to damages [1] or equitable relief.

*The judgment of the district court is reversed.*

---

* Of the Federal Circuit, sitting by designation.

1. It has been suggested that the district court's findings regarding post-demotion harassment may serve as an alternative basis for upholding the award of compensatory damages. We reject this suggestion because (1) plaintiff Echevarria failed to plead this theory of recovery in his complaint, (2) the district court refused to permit plaintiff to amend his complaint on the eve of trial to add a cause of action for post-demotion harassment, and (3) we are confident that the district court's purpose in making such findings was simply to demonstrate that the demotion was politically motivated in the first instance, not to recognize an alternative, independent ground for recovery. We do not mean to imply that post-demotion harassment based on political beliefs may not be actionable in a proper case. Rather, given the state of the pleadings, we simply do not reach that question here.