**Pedro J. DIAZ FLORES, et al., Plaintiffs,**

v.

**Cirilo TIRADO DELGADO, et al., Defendants.**

**Civ. No. 85–2177 HL.**

United States District Court, D. Puerto Rico.

Aug. 12, 1987.

Eliezer Aldarondo Ortiz, Aldarondo & López Bras, Hato Rey, P.R., for plaintiffs.

Esteban J. Nuñez Hoyo, Fed. Litigation Div., Dept. of Justice of P.R., San Juan, P.R., for defendants.

### ORDER

LAFFITTE, District Judge.

Defendants have filed a Motion for Summary Judgment seeking qualified immunity from plaintiffs' claim for damages resulting from political discrimination. Following recent First Circuit opinions on claims of political discrimination we grant the Motion for Summary Judgment on the merits, ordering the case dismissed.

Plaintiffs, Pedro J. Díaz Flores and Ismael Cruz, both held positions as Regional Directors of the State Insurance Fund ("SIF"). Following a change in administration in January, 1985 they were removed from their positions on June 14, 1985 and July 15, 1985, respectively. They each claim political discrimination as motivation for their removal.

The position of the First Circuit is well established—that political affiliation is an appropriate requirement for the position of Regional Directors for any government agency, leaving the individuals holding those positions without First Amendment protection. *ROMAN–MELENDEZ v. INCLAN*, 826 F.2d 130 (1st Cir.1987) (Regional Director Puerto Rico General Services Administration); *RAMON ECHEVARRIA v. GRACIA–ANSELMI*, 823 F.2d 696 (1st Cir.1987) (Regional Director for Right to Employment Administration; held no First Amendment protection); *ROSARIO NEVAREZ v. TORRES GAZTAMBIDE*, 820 F.2d 525 (1st Cir.1987) (Regional Director for Housing Department; held no First Amendment protection); *JIMENEZ FUENTES v. TORRES GAZTAMBIDE*, 807 F.2d 236 (1st Cir.1986) (Regional Director, Urban Development and Housing Corp. of Housing Department; held no First Amendment protection); *see also, AL-ICEA ROSADO v. ZAYAS*, 813 F.2d 1263 (1st Cir.1987) (Regional Director Department of Social Services; qualified immunity granted); *ORTIZ–LEBRON v. SANTIAGO-NIEVES*, No. 86- 1661 slip op. (1st Cir. March 10, 1987) (Regional Director, Department of Natural Resources; qualified immunity granted).

On the strength of these decisions we hereby grant the Motion for Summary Judgment on the merits.

WHEREFORE, summary judgment is GRANTED. The Clerk is to enter judgment dismissing this action.

IT IS SO ORDERED.