Nancy **DONATE ROMERO**, et al., **Plaintiffs,**

v.

Antonio J. **COLORADO**, et al., **Defendants.**

Civ. No. 85–2323 (JAF).

United States District Court, D. Puerto Rico.

Sept. 16, 1987.

Eliezer Aldarondo, Miguel Pagán, Aldarondo & Lopez Bras, San Juan, P.R., for plaintiffs.

Luis N. Blanco Matos, Federal Litigation Div. Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

This is an action for damages and injunctive relief stemming yet again from personnel changes following the 1984 Puerto Rico elections. At issue are several different positions with the Puerto Rican Institute of Arts, Cinematographic and Television Industries ("the Institute"). Both parties were on notice that the court would consider rendering summary judgment *sua sponte* once a meaningful period for discovery had elapsed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Pursuant to *Celotex*, we hereby enter a summary judgment order and grant injunctive relief reinstating plaintiffs Nancy Donate Romero, Lianabel Montañez Colón, and Louis de Moura Fajardo, with back pay. In addition, we grant qualified immunity for the defendants and enter summary judgment dismissing the complaint as it pertains to plaintiffs Héctor Ramos Pérez and Sonia M. Cuebas Rivera.

## I.

To determine whether the dismissals were appropriate, we must decide whether each of the positions at issue "relates to 'partisan political interests ... [or] concerns.'" *Jiménez Fuentes v. Torres Gaztambide*, 803 F.2d 1 (1st Cir.1986), *quoting Branti v. Finkel*, 445 U.S. 507, 519, 100 S.Ct. 1287, 1295, 63 L.Ed.2d 574 (1980).

We first note, from a reading of the enabling statute, 18 L.P.R.A. sec. 1303, that the Institute itself is likely to be involved in matters of political sensitivity. Included in its mandate are the following functions, "among others":

(c) To guide government bodies in relation to informative tasks carried out through cinematography and television.

(d) To promote and generate film productions ... designed for the international market, which shall strive to project an authentic image of the Puerto Rican reality, its values, interests, achievements and aspirations....

(e) To offer any other incentive which may stimulate the development and expansion of movie and television productions.

....

(h) To explore ample possibilities of spreading all kinds of movies ... that may constitute an effective instrument of social evolution.

(i) To coordinate the functions of the government bodies in the production of movie and television films.

....

(1) To prepare and/or take steps to film movie and television pictures for community education.

However, the mere potential of Institute involvement in partisan matters, or for that matter its actual involvement, does not lead necessarily to the conclusion that all positions in the Institute are subject to political

dismissals. *De Choudens v. Government Development Bank*, 801 F.2d 5, 8 (1st Cir. 1986). We must next examine each position individually to determine whether political affiliation is an appropriate requirement for the particular job.

## II.

 A review of the record regarding the positions of Confidential Secretary V, held by plaintiff Donate Romero, and Confidential Secretary IV, held by Montañez Colón, reveals that political affiliation is not an appropriate requirement for those assignments.[1] Despite the official title, it is apparent that such secretaries are primarily responsible for taking dictation, arranging and maintaining a filing system, and organizing and administering the daily routine of the Institute. In short, the position is quintessentially clerical. We therefore hold that political motives for dismissal are clearly impermissible. *Cf., Vázquez Ríos v. Hernández Colón*, 819 F.2d 319, 322–23 (1st Cir.1987).

Examining the record indicates that Louis de Moura Fajardo's position as Special Aide I was similarly non-political. Mr. de Moura Fajardo acted as the promotional representative for the Institute, encouraging filming on the island, and facilitating such production. While creativity may have been essential for Mr. de Moura Fajardo to carry out his duties, we find that he had no discretion concerning the political content of his work. In fact, the job description indicates he received his instructions from a higher official and there is no evidence that he did not do as he was told. Mr. de Moura Fajardo's skills were logistic rather than partisan; his duties were "so remote from advancing or thwarting the [Institute's] partisan-responsive goals that political affiliation would not be considered an appropriate requirement." *De Choudens*, 801 F.2d at 6.

Defendants' claim of qualified immunity for dismissing these three plaintiffs who, in the eyes of this court held positions with no political or policymaking power, must withstand the test enunciated in *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), and further clarified by the majority opinion in *Anderson v. Creighton*, —— U.S. ——, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Defendants must prove their actions objectively reasonable, "in the light of preexisting law." *Anderson*, —— U.S. at ——, 107 S.Ct. at 3039. *See also Echevarría v. Gracia Anselmi*, 642 F.Supp. 843 (D.P.R.1986), *rev'd on other grounds*, 823 F.2d 696 (1st Cir.1987); *Borucki v. Ryan*, 827 F.2d 836 (1st Cir.1987) (Torruella, J., dissenting). With these standards in mind, we exercise our discretion and order no damages assessed to plaintiffs in addition to the injunctive relief of reinstatement and back pay awarded.[2] *See Agosto v. Aponte Roque*, 631 F.Supp. 1082 (D.P.R.1986), *aff'd in part, rev'd in part*, No. 86–1300, slip op. (1st Cir. Aug. 14, 1987); *Morales Morales v. Arias*, 656 F.Supp. 973, 975 (D.P.R.1987).

## III.

 On the other hand, Sonia M. Cuebas Rivera's position as Deputy Director of the Institute was one appropriate for political appointment and dismissal. Although the defendants have submitted no OP–16 form or other description of Ms. Rivera's duties, we read the recent decisions of the First Circuit to mandate that all directors and deputy directors of government agencies with political functions are susceptible to political hiring and firing. *Román Meléndez v. Inclán*, 826 F.2d 130 (1st Cir.1987); *Echevarría v. Gracia-Anselmi*, 823 F.2d 696 (1st Cir.1987); *Pérez–Quintana v. Gracia-Anselmi*, 817 F.2d 891 (1st Cir. 1987); *Alvarado v. Zayas*, 816 F.2d 818 (1st Cir.1987); *Rosado v. Zayas*, 813 F.2d 1263 (1st Cir.1987); *Méndez–Palou v.*

---

**1.** While Donate Romero and Montañez Colón held different positions, the duties listed on the OP forms filed by defendants are sufficiently similar to enable us to consider the jobs together.

**2.** Back pay is a form of injunctive relief, appropriately awarded by the judge in an action. *Harkless v. Sweeney Independent School District*, 427 F.2d 319, 323–24 (5th Cir.1970), *cert. denied*, 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971).

*Rohena–Betancourt,* 813 F.2d 1255 (1st Cir.1987); *Monge–Vázquez v. Rohena–Betancourt,* 813 F.2d 22 (1st Cir.1987); *Collazo Rivera v. Torres Gaztambide,* 812 F.2d 258 (1st Cir.1987); *Jiménez Fuentes v. Torres Gaztambide,* 803 F.2d 1 (1st Cir. 1986); *De Abadía v. Izquierdo Mora,* 792 F.2d 1187 (1st Cir.1986).

Moreover, while it is true that, viewing the facts in the light most favorable to the plaintiffs, Ms. Rivera was not fired but instead resigned after being involuntarily ejected from her office, we read between the lines of Circuit opinions to hold that some discomfort and even minor harassment may necessarily accompany severance from a politically sensitive position. *Echevarría v. Gracia-Anselmi,* 823 F.2d 696 (1st Cir.1987).

Finally, the position of chauffeur/driver occupied by Héctor Ramos Pérez, since it included acting as the personal chauffeur to the Executive Director of the Institute, was such a position that "despite [its] non-involvement with partisanship and policy-making, political loyalty could be deemed an appropriate requirement for the job." *Vázquez Ríos v. Hernández Colón,* 819 F.2d 319 (1st Cir.1987). *Cf., Meeks v. Grimes,* 779 F.2d 417, 420 (7th Cir.1985) ("The possibility of 'leaks' from employees with access to sensitive information is a constant threat to any unit of government."). Unlike his domestic counterparts, the plaintiffs in *Vázquez Ríos,* Ramos Pérez was in a position of sufficient confidentiality to the Director as to render the dismissal proper.

### IV.

Summarizing, we ORDER as follows:

1. Plaintiff Nancy Donate Romero is to be reinstated with back pay. No damages are assessed.
2. Plaintiff Lianabel Montañez Colón is to be reinstated with back pay. No damages are assessed.
3. Plaintiff Louis de Moura Fajardo is to be reinstated with back pay. No damages are assessed.
4. The complaint as to plaintiff Sonia M. Cuebas Rivera is dismissed.
5. The complaint as to plaintiff Héctor Ramos Pérez is dismissed.

IT IS SO ORDERED.