Juan A. MORALES MORALES, Plaintiff, Appellee,

v.

Luis Rafael ARIAS, etc., Defendant, Appellant.

No. 87–1376.

United States Court of Appeals, First Circuit.

Heard Oct. 7, 1987.

Decided Dec. 7, 1987.

Jose L. Gonzalez–Castaner with whom Marcos A. Ramirez–Irrizarry, Ramirez & Ramirez, Hector Rivera Cruz, Secretary of Justice, and Rafael Ortiz–Carrion, Sol. Gen., were on brief for defendant, appellant.

Pedro J. Salicrup and Rafael Vazquez–Colon on brief for Public Buildings Authority, amicus curiae.

Pedro Miranda–Corrada with whom Hector Urgell–Cuebas and Jose Roberto Feijoo were on brief for plaintiff, appellee.

Before BOWNES, Circuit Judge, TIMBERS,* Senior Circuit Judge, and BREYER, Circuit Judge.

BREYER, Circuit Judge.

This case is one of many "political discharge" suits brought by Puerto Rican agency officials whom new agency chiefs dismissed after a new administration took office following the 1984 election. *See, e.g., Nunez v. Izquierdo–Mora,* 834 F.2d 19 (1st Cir.1987); *Juarbe–Angueira v. Arias,* 831 F.2d 11 (1st Cir.1987); *Zayas–Rodriguez v. Hernandez,* 830 F.2d 1 (1st Cir. 1987); *Mendez– Palou v. Rohena–Betancourt,* 813 F.2d 1255 (1st Cir.1987); *Jimenez Fuentes v. Torres Gaztambide,* 807 F.2d 236 (1st Cir. 1986). In this instance, the dismissed official, the Director of the Internal Audit Office of the Puerto Rico Public Buildings Authority, sued the Executive Director of the Authority, claiming that the discharge violated his right to freedom of political association and seeking both damages and reinstatement. As in *Juarbe–Angueira, Zayas–Rodriguez, Mendez–Palou* and other cases, the defendant said he possessed a "qualified immunity" protecting him from any liability for damages, and he moved for summary judgment on that issue. *See, e.g., Juarbe–Angueira,* 831 F.2d at 12–13. The district court denied the defendant's motion for summary judgment.

The district court then went on to grant summary judgment in the plaintiff's favor on the damages and reinstatement claims (even though the plaintiff had not asked for summary judgment on the merits). 656 F.Supp. 973. The defendant appeals, arguing that both district court decisions were legally erroneous.

■ The "qualified immunity" appeal raises legal questions almost identical to those we had before us in *Juarbe–Angueira, Zayas–Rodriguez,* and *Mendez–Palou,* and we refer the reader to those opinions for discussion of the relevant legal standards. In fact, the position at issue here, Director of the Internal Audit Office of the Puerto Rico Public Building Authority, is similar to one of the positions at issue in *Zayas–Rodriguez,* where the plaintiff was the Director of the Internal Audit Office of the Puerto Rico Highway Authority. *See also Nunez,* at 22–23 (plaintiff was Auxiliary Director of Fiscal Resources at Puerto Rico's Health Facilities and Services Administration). In *Zayas–Rodriguez,* we found "qualified immunity" in respect to the position because the law, as of 1985, did not "clearly" forbid dismissal. The same is true here.

The relevant job descriptions show a few differences between the two jobs. For example, the *Zayas–Rodriguez* Audit Director " 'counsels the Executive Director' " and other agency officials about rules and regulations and their policy implications. *Zayas–Rodriguez,* 830 F.2d at 3 (quoting job classification questionnaire). The Audit Director here "advise[s] other area Directors and offices in administrative and operational matters." (Quotation is from job description.) But both job descriptions are alike in ways we believe are more important. Both emphasize the high level managerial and discretionary nature of the jobs. The Auditor in *Zayas–Rodriguez* "supervise[d] auditors and establishe[d] 'general rules to follow in the audits for the consultants.' " *Zayas–Rodriguez,* 830 F.2d at 3 (quoting job classification questionnaire). The Auditor here "supervise[s] the personnel adscribed [sic] to the Internal

---

* Of the Second Circuit, sitting by designation.

Audit Office;" "oversee[s] the [agency's] financial, administrative, and operational activities;" "prepare[s] the annual work program;" "personally interv[enes] in ... audits which are ... complex or delicate;" and "execute[s] any [s]pecial projects ... assigned ... by the Executive Director." (Quotations are from classification questionnaire.) Further, as in *Zayas–Rodriguez*, the position here is classified as "confidential" or "trust" by the Puerto Rican personnel office. *See Juarbe–Angueira*, 831 F.2d at 14.

Thus, for reasons set out in *Zayas–Rodriguez*, the position is at a high enough level, in our view, and the duties described in the classification questionnaire are not so purely technical, as to make dismissal *"clearly"* unlawful under the law as it was in 1985, or to transform what we described in *Zayas–Rodriguez* as a job that "potentially" involves some "matters of partisan political interest" into a job that does not. *Zayas–Rodriguez*, 830 F.2d at 2. Following *Zayas–Rodriguez*, we conclude that the district court ought to have granted defendant's motion for summary judgment on the question of qualified immunity.

■ The district court's award of an overall summary judgment in the plaintiff's favor is also erroneous. The record makes clear that the defendant did not concede that plaintiff's dismissal flowed from purely political considerations, nor did he concede that the classification questionnaire adequately described the extent to which the job in fact embodies politically relevant responsibilities. Plaintiff had not moved for summary judgment, and the record does not provide any basis for concluding that the defendant had submitted all of its evidence on these points. The plaintiff does not now dispute this aspect of the defendant's appeal.

The judgment of the district court in respect to the denial of qualified immunity is

*Reversed.*

The summary judgment entered in plaintiff's favor is vacated and the case is re-manded for proceedings consistent with this opinion.

*So ordered.*