**Eduardo CARRASQUILLO, et al., Plaintiffs,**

v.

**Awilda APONTE ROQUE, et al., Defendants.**

**No. 85–1475 (JAF).**

United States District Court, D. Puerto Rico.

March 9, 1988.

---

Eliezer Aldarondo Ortiz, Miguel Pagán, Aldarondo & Lopez Bras, San Juan, P.R., for plaintiffs.

Carlos del Valle, Ramirez & Ramirez, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

This is another in a series of familiar actions concerning what amounted to wholesale dismissals following the 1984 Puerto Rico Commonwealth elections. In this instance, the position is that of School Manager within the Puerto Rico Department of Education ("the Department") and the plaintiffs are sixty-four former occupants of that position for various school districts around the island. Also included among the claimants are the spouses of many of the ex-School Managers. Plaintiffs seek relief from Awilda Aponte Roque, the current Secretary of the Depart-

ment, and Alba N. Caballero, the Department's Personnel Director. Both defendants are sued in their official and individual capacities.

Plaintiffs sue under theories based on federal and state law violations. After some discovery, defendants have moved for summary judgment and plaintiffs have opposed, Docket Document Nos. 50 and 52. Plaintiffs' motion in opposition includes a cross-motion for summary judgment. After closely considering both motions and the entire record, we grant defendants' motion and dismiss the complaint. For the reasons below, we also deny plaintiffs' cross-motion. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *see also National Expositions v. Crowley Maritime Corp.*, 824 F.2d 131 (1st Cir.1987); *General Battery International Corp. v. Unión de Servicios y Mantenimientos Industriales de P.R.*, 678 F.Supp. 33 (D.P.R. 1988).

## I.

A brief history of the School Manager position will serve to place our ruling in perspective. The transitory position was created as an experiment in 1978, when the New Progressive Party ("NPP") was in power in Puerto Rico. In August 1980, the NPP Secretary of Education, María Socorro Lacot, extended the transitory appointments to all school districts on the island. With the 1984 elections came a new administration, the Popular Democratic Party ("PDP"), and, as would be seen, a new policy concerning School Managers.

After taking office, Secretary Aponte Roque requested and received the opinion of the Secretary of Justice, Héctor Rivera Cruz, on the question of whether the Department's School Managers were properly and legally appointed. In an extensive letter dated March 15, 1985, Rivera Cruz asserted that the position of School Manager was null and void under several Puerto Rico personnel statutes and standards. He advised Secretary Aponte Roque that she could abolish the position so long as she reinstated all regular employees currently

assuming the post to their previous career positions. Pursuant to this legal advice, Secretary Aponte Roque dismissed all of the School Managers in Puerto Rico by letter, issued April 9, 1985, the dismissals to take effect on July 1 of that year. The transitory appointments expired on June 30, 1985.

Plaintiffs assert that because they were members of the NPP, the party ousted in the 1984 general election, the elimination of their position was politically motivated and thus impermissible. Those plaintiffs who were School Managers aver as well that their ultimate demotions to the career positions they previously occupied took place without the due process required for such a transfer. Finally, they claim harassment from the Department preceded their demotions, rendered them ignored in their positions, and resulted in a constitutional due process violation as well.

In their motion for summary judgment, defendants argue that the suit against them in their official capacity should fail on various eleventh amendment grounds. They call also for the dismissal of claims against them personally, asserting their entitlement to qualified immunity for their actions. Finally, they suggest that this court abstain from any decision until certain state law issues are resolved in a Puerto Rico forum.

Plaintiffs' opposition focuses on the political motivation behind the actions taken by defendants. In addition, they move the court to declare that political affiliation is an impermissible consideration for those occupying the School Manager position.

As the analysis that follows indicates, we find for the defendants on the eleventh amendment and qualified immunity grounds. We also hold there was no denial of due process by the Secretary or her subordinate. We, therefore, do not address the abstention issue and, moreover, we deny plaintiffs' cross-motion concerning the political nature of the positions.

## II.

At the outset we note that we may not award injunctive relief against state

officials acting in their official capacity in relation to violations of state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). In addition, defendants in their official capacity may not be ordered to pay money damages. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The first issue we need to fully address is whether defendants are entitled to qualified immunity personally for the actions taken with respect to those holding the School Manager positions. "[P]ublic officials generally are entitled to 'qualified immunity' from personal liability for those acts, taken in the course of their duties, that may have violated a party's constitutional rights *unless* the law defining those rights was '*clearly established* in plaintiff's favor.'" *Juarbe–Angueira v. Arias*, 831 F.2d 11, 13 (1st Cir.1987), *quoting De Abadia v. Izquierdo Mora*, 792 F.2d 1187 at 1193 (1st Cir.1986) (emphasis added by *Juarbe–Angueira* court). Put another way, "only where the action in question is *clearly* unlawful does a defendant lose his qualified immunity." *Juarbe–Angueira*, 831 F.2d at 12 (emphasis in original).

■ Thus, we need not and do not now address the issue of whether the creation of the position was in fact null and void, as Secretary of Justice Rivera Cruz claimed in his opinion letter, for we must only concentrate on the "'objective legal reasonableness' of [the Secretary's] action assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, —— U.S. ——, ——, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 819, 102 S.Ct. 2727, 2739, 73 L.Ed.2d 396 (1982)); *see also Echevarría v. Gracia Anselmi*, 642 F.Supp. 843 (D.P.R. 1986), *rev'd on other grounds*, 823 F.2d 696 (1st Cir.1987).

Taking these legal standards in account, we are unable to find Secretary Aponte Roque's action, in light of the opinion letter by Secretary Rivera Cruz, "objectively unreasonable." Not only could Secretary Aponte Roque reasonably expect to be able to dismiss the School Managers from their transitory positions at the expiration of their terms or even sooner, 3 L.P.R.A. sec. 1336(9), but she had the unequivocal opinion of the Secretary of Justice that the positions were ilegally created. Plaintiffs have offered nothing to suggest that Secretary Aponte Roque had other information or evidence at her disposal to counter the Secretary's observations.

This case is analogous, although not identical, to a case recently heard in this court. In *Vázquez v. Aponte Roque*, 678 F.Supp. 37 (D.P.R.1988), we were concerned with a former Evaluation Division Director for the Department of Education who was removed from that position and reinstated to a career position following the 1984 elections. Secretary Aponte Roque took that action following the legislature's repeal of the creation of the Educational Science Institute, the organization that funded Dr. Vázquez' position. More important for the purposes of the instant case, Secretary Aponte Roque also acted pursuant to opinions issued by the Department of Justice that declared the position held by Dr. Vázquez to be null and void. *Vázquez*, 678 F.Supp. at 38–39. We held then that defendants were entitled to qualified immunity since their actions were based upon "legislative dispositions and executive opinions binding upon the defendant Secretary of Education." *Vázquez*, 678 F.Supp. at 39, citing *De Abadía v. Izquierdo Mora*, 792 F.2d 1187 (1st Cir.1986).

In our opinion, this case is subject to the same line of reasoning. With the School Managers, as with Dr. Vázquez, Secretary Aponte Roque had every indication the position could be eliminated; she acted in accordance with the information at her disposal. Faced with no clear indication at all that eliminating the School Manager position was illegal, and in fact confronted with evidence that extending the terms of the Managers would violate the law, Aponte Roque's action was objectively reasonable. Defendants are awarded qualified immunity and are not individually liable for any

damages alleged by plaintiffs.[1]

## III.

■ We next address plaintiffs' due process claims. Although plaintiffs assert that the elimination of the School Manager position violated their procedural due process rights, presumably to a hearing before their removal, it is undisputed that plaintiffs held fixed-term transitory positions and were officially dismissed as of the date their terms expired. Plaintiffs allege no more than their own subjective expectancies in continued employment as School Managers beyond the expiration of their terms. For example, they do not contend any promises or representations were made concerning their reappointment. *Cheveras Pacheco v. Rivera González*, 809 F.2d 125, 127 (1st Cir.1987). Thus, plaintiffs had no vested property interests and suffered no procedural due process deprivation. *Perry v. Sindermann*, 408 U.S. 593, 603, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972); *Cheveras Pacheco*, 809 F.2d at 127.

■ Plaintiffs also assert they were ignored and harassed in the months following Aponte Roque's appointment but preceding their official dismissals. To create a claim for such a substantive due process violation, we have read the Circuit to require the alleged harassment to rise above a certain level. *Donate Romero v. Colorado*, 672 F.Supp. 40, 43 (D.P.R.1987), citing *Echevarría v. Gracia–Anselmi*, 823 F.2d 696 (1st Cir.1987). We are unwilling to read plaintiffs' lists of memoranda that were ignored or the documented instances of their duties being removed from their control before their terms expired as actionable harassment. Even if we were to conclude that plaintiffs were effectively or constructively dismissed before July 31, 1985, it is established under Puerto Rico law that "[a]ny transitory employee may be removed from service at any time during the term of his appointment." 3 L.P.R.A. sec. 1336(9) (1986 Supp.).

## IV.

■ We next consider plaintiffs' first amendment claims of impermissible motivation behind the Secretary's action. Specifically, plaintiffs assert they were removed from their School Manager positions because of their political affiliation. Beyond statements like "it can apparently be inferred that the whole plan of political discrimination against N.P.P. members has been designed at the highest level of the government and of the P.D.P.," (Proposed Pretrial Order, Docket Document No. 26 at p. 97), and "[i]f plaintiffs would have been members of the Popular Democratic Party they would probably have been promoted," (*Id.* at 100), plaintiffs offer none of the required evidence that "affiliation with the NPP was the substantial or motivating factor underlying their dismissals." *Kaufmann v. Puerto Rico Telephone Co.*, 841 F.2d 1169, 1172 (1st Cir.1988). There is no indication of a conspiracy between Secretaries Rivera Cruz and Aponte Roque, and more important no proof by the plaintiffs that their appointments were not the result of impermissible personnel processes. Like the *Kaufmann* appeals court, we cannot state political considerations had nothing to do with Aponte Roque's action; "[r]ather, for any substantive claim, whether built upon circumstantial or direct evidence, the party against whom summary judgment is sought must generate the specific facts necessary to take the asserted claim out of the realm of speculative general allegations." *Id.* at 1173 n. 5. Plaintiffs would bear the burden at trial of proving defendants' impropriety and have failed at this stage to make their case. Under the *Celotex* standard, plaintiffs have failed to withstand entry of summary judgment.

---

1. As in the *Vázquez* case, we are again confronted with the following predicament. It was stated in *People v. Luciano*, 83 D.P.R. 573, 582 (1961), that judges are not fools required to believe what ordinary citizens do not accept. We sense a discrete, well-planned and executed maneuver to do away with the School Managers, all of them New Progressive Party members. However, judges are bound to rule based upon the content of the case file and legal precedent. As with *Vázquez*, it is unfortunate that plaintiffs have failed to meet their established burden. Once again the Secretary has realized a secondary political gain and once again "[t]he stage was properly and legally set for the actions taken." *Vázquez*, 678 F.Supp. at 39 n. 5.

**142**

## V.

With all of plaintiffs' federal claims dismissed, we exercise our discretion and refuse to consider the remaining pendent state-law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed. 2d 218 (1966). Moreover, since the plaintiffs who occupied the School Manager positions have no cause of action, neither do those spouses who have asserted claims as well. The ex-managers have failed to put forward a case of constitutional deprivation; therefore, so did their family members. Finally, since no potential cause of action remains for any plaintiff, their motion for summary judgment is rendered moot and, therefore, denied.

IT IS SO ORDERED.