Nancy DONATE–ROMERO, et al.,
Plaintiffs, Appellees,

v.

Antonio J. COLORADO, etc., et al.,
Defendants, Appellants.

No. 88–1053.

United States Court of Appeals,
First Circuit.

Heard July 26, 1988.

Decided Sept. 8, 1988.

Anabelle Rodriguez Rodriguez, Asst. Sol. Gen., Dept. of Justice, with whom Rafael Ortiz Carrion, Sol. Gen., and Norma Cotti Cruz, Deputy Sol. Gen., were on brief, for defendants, appellants.

Jose Ramon Perez Hernandez, Old San Juan, P.R., for plaintiffs, appellees.

Before BOWNES, NOONAN,* and SELYA, Circuit Judges.

BOWNES, Circuit Judge.

This is yet another political-discharge case arising from the 1984 shift in political control of the Commonwealth of Puerto Rico from the New Progressive Party (NPP) to the Popular Democratic Party (PDP). Defendants-appellants Antonio J. Colorado and Guillermo Infanzon [1] appeal a grant of summary judgment by the district court ordering reinstatement with back pay for plaintiffs-appellees Nancy Donate Romero, Lianabel Montanez Colon and Louis de Moura Fajardo.[2]

Appellants present three issues on appeal: (1) whether there was a genuine issue of material fact that precluded summary judgment; (2) whether the court erred in determining that political affiliaton was not a valid requisite for the positions held by plaintiffs-appellees; and (3) whether the court erred in awarding back pay as part of injunctive relief and against defendants individually.

## I. THE GRANT OF SUMMARY JUDGMENT

In its order granting summary judgment the court stated:

Both parties were on notice that the court would consider rendering summary

---

* Of the Ninth Circuit, sitting by designation.

1. Defendant Colorado answered the complaint. Defendant Infanzon requested an extension of time to answer. The motion was not acted upon. There is no answer by Infanzon in the file. Both the court and counsel consistently used the plural, defendants, in the pretrial orders and motions. The judgment runs against both Colorado and Infanzon and the notice of appeal is in both names. We assume, therefore, that Infanzon is a viable defendant.

2. In the same order, the district court granted summary judgment to defendants on the basis of qualified immunity and dismissed the complaints of Hector Ramos Perez and Sonia M. Cuebas Rivera. Neither Ramos Perez nor Cuebas Rivera has appealed.

judgment *sua sponte* once a meaningful period for discovery had elapsed. *Celotex Corp. v. Catrett* [477 U.S. 317], 106 S.Ct. 2548 [91 L.Ed.2d 265] (1986).

Pursuant to *Celotex,* we hereby enter a summary judgment order and grant injunctive relief reinstating plaintiffs Nancy Donate Romero, Lianabel Montanez Colon, and Louis de Moura Fajardo, with back pay.

This order issued on September 18, 1987, 672 F.Supp. 40. In a pretrial order dated March 20, 1987, the court ordered the parties to file personnel forms of the plaintiffs and stated: "The Court will look at the [personnel forms] under *Celotex Corp. v. Catrett* [477 U.S. 317], 106 S.Ct. 2548 [91 L.Ed.2d 265] (1986), to determine whether summary judgment *sua sponte* should issue on behalf of defendants." In a subsequent order, dated April 20, 1987, the court ordered the parties to file job descriptions for certain of the plaintiffs stating: "Pursuant to *Celotex Corp. v. Catrett* [477 U.S. 317], 106 S.Ct. [2548, 91 L.Ed.2d 265] (1986), we wish to review such documents to determine whether summary judgment should be entered for either party."

■ Because of the court's reliance on *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), we point out first that *Celotex* did not involve a *sua sponte* grant of summary judgment by the district court. The issue in *Celotex* was whether defendant Celotex's motion for summary judgment against the plaintiff should have been granted because plaintiff had been unable to produce evidence to support her wrongful death claim that her deceased husband had been exposed to Celotex's asbestos products. The Court of Appeals for the District of Columbia had held that Celotex's failure to support its summary judgment motion with evidence negating such exposure precluded summary judgment. *Id.* at 319, 106 S.Ct. at 2551. The Supreme Court reversed. During the course of its opinion, it discussed at length the requirements of Federal Rule of Civil Procedure 56. The reference to a *sua sponte* grant of summary judgment is the following:

Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence. It would surely defy common sense to hold that the District Court could have entered summary judgment *sua sponte* in favor of petitioner in the instant case, but that petitioner's filing of a motion requesting such a disposition precluded the District Court from ordering it.

*Id.* at 326, 106 S.Ct. at 2554 (citations omitted).

The issue before us is not whether the district court had authority to act *sua sponte* but whether in doing so it acted in accord with the requirements of Rule 56. We find that summary judgment was improvidently granted because there were genuine issues of material fact to be decided. In *Celotex,* the Court pointed to the requirements of the rule:

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, *show that there is no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law.

*Id.* at 322, 106 S.Ct. at 2552 (emphasis added).

Our review of the file, which constitutes the record in this case, discloses that defendants claimed in the answer that plaintiffs were not discharged for political reasons. In their pretrial statement of contested issues of fact defendants explicitly stated:

1. Whether plaintiffs [names] dismissals from their trust or confidential positions was [sic] due to political discrimination.

2. Whether there was an independent non-discriminatory reason to separate the above mentioned plaintiffs from their trust or confidential positions.

There can be no doubt that these defenses raised issues which had to be resolved. In

its order granting summary judgment to plaintiffs, the court did not advert to these defenses at all. The order discussed only the question of whether "political affiliation is an appropriate requirement for the particular job."

Here, unlike *Celotex*, neither party had brought a specific motion asking for summary judgment.[3] We do not think that the court's two cryptic references to *Celotex* were sufficient to put defendants on notice that they had to file by affidavit, or otherwise, the evidence they would introduce to support their two defenses. In *Celotex*, the Court acknowledged the power of the district court to proceed *sua sponte* "so long as the losing party was on notice that she had to come forward with all of her evidence." 477 U.S. at 326, 106 S.Ct. at 2554 (emphasis added). There was no such notice here. Although we recognize that there are times when a district court can issue a summary judgment order *sua sponte*, it cannot bypass the requirements of Rule 56. As the Court stated in *Celotex*:

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Id.* at 327, 106 S.Ct. at 2555. There is nothing in the file to suggest that the defenses raised have no factual basis.

When a district court proceeds *sua sponte*, it must do so within the confines of Rule 56. The issues properly raised by defendants were not shown to be spurious, immaterial or without factual basis, but they were not addressed by the district court. The court's summary judgment order must be reversed.

**3.** Defendants, in opposing a motion by plaintiffs for a stay, requested that summary judgment be entered as a matter of law on the basis of qualified immunity. Plaintiffs replied to this by

## II. POLITICAL AFFILIATION AS A JOB REQUISITE

We are not as sure as the district court that political affiliation was not a proper requisite for the positions held by plaintiffs. There are a number of reasons for our uncertainty. First, the positions held by plaintiffs were classified in the "trust or confidential" category under section 5.10 of the Puerto Rico Public Service Personnel Act, P.R. Laws Ann. tit. 3, § 1350. Such employees are not subject to the civil service laws and regulations of Puerto Rico and can be appointed and dismissed "freely." Although this is not dispositive of the constitutional issue, it is a factor to be considered. Second, as the district court pointed out, the Puerto Rican Institute of Arts, Cinematographic and Television Industries (the Institute), by which plaintiffs were employed, "is likely to be involved in matters of political sensitivity." Third, all plaintiffs had been appointed by the NPP when it was in power during the four-year period prior to the PDP taking over in January of 1985. This is not a case of long serving faithful public servants being jettisoned to make way for political appointees. It was merely a continuance of the political game with the shoe on the other foot.

And finally, plaintiffs' positions had clear political overtones. Nancy Donate Romero held the position of Confidential Secretary IV and she worked in the Governor's Mansion. This proximity to the political leader of the party in power suggests, at least, that her work required some political sensitivity. Lianabel Montanez Colon also occupied the position of Confidential Secretary IV. Her husband, who was named as a plaintiff originally and then dropped from the case, was a former NPP Youth General Secretary. He was a member of the Executive Committee of the NPP, was a Master of Ceremonies of NPP party activities and Deputy Secretary of the NPP. He also participated in NPP campaign television commercials. Since his wife worked for

stating that if summary judgment were to be granted, it should be for plaintiffs, not defendants.

the Institute responsible for television production in Puerto Rico, her political neutrality might be questioned. Louis de Moura Fajardo was a Special Assistant I at the Institute. The job description for this position states:

> The employee of this class carries out delicate complex tasks intended to promote filming projects to be performed in the Island. Also, counsels and lends technical assistance and other necessary services to stimulate the growth of film projects. Receives general working instructions from a higher hierarchy official.

This, at the least, leaves an opening for political considerations.

In *Vazquez Rios v. Hernandez Colon*, 819 F.2d 319 (1st Cir.1987), we held that the position of "text writer's aide" or "editing assistant" had sufficient political ramifications to trigger the doctrine of qualified immunity. *Id*, at 327. Although the position at issue in *Vazquez Rios* was more directly political than those held by plaintiffs, the door is left open for the plaintiffs here to use their positions for the dissemination of political views. Based on the record before us which, because very little discovery was done, does not include affidavits, depositions or interrogatories, the question of whether political affiliation is a proper requisite for the positions occupied by plaintiffs cannot be decided conclusively. We also pointed out that where there is a close question as to whether political affiliation is a proper criterion for a position, the doctrine of qualified immunity applies. *Id.* at 328.

We find, therefore, that the district court erred in holding that political affiliation was not a proper requisite for the jobs held by plaintiffs. Because appellants have not argued on appeal that they are entitled to qualified immunity, only that political affiliation was a proper requisite for the jobs at issue, we need go no further. Since there must be a trial on the merits, the case will go forward on a clean slate with the full panapoly of procedural tools of the Rules of Civil Procedure available to both parties.

Our decision on the first two issues renders moot the questions of injunctive relief, back pay, and the liability of the defendants in their personal capacity.

REVERSED AND REMANDED.

Costs on appeal to appellants.