**Juan A. MORALES MORALES,
Plaintiff, Appellant,**

v.

**Luis RAFAEL ARIAS, etc.,
Defendant, Appellee.**

No. 88–1273.

United States Court of Appeals,
First Circuit.

Submitted July 11, 1988.
Decided Sept. 8, 1988.

Pedro Miranda Corrada, San Juan, P.R., and Hector Urgell Cuebas, Santurce, P.R., on brief for plaintiff, appellant.

Carlos Del Valle, Hato Rey, P.R., Hector Rivera Cruz, Secretary of Justice, Com. of Puerto Rico, Rafael Ortiz Carrion, Sol. Gen., Com. of Puerto Rico, and Ramirez & Ramirez, Hato Rey, P.R., on motion submitting case for decision.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

PER CURIAM.

Plaintiff, the former Director of the Internal Audit Office of the Puerto Rico Public Building Authority, appeals from the dismissal of his political discharge action. We review the background.

Plaintiff's verified complaint alleged that his functions as director of the auditing office were technical in nature, not·involving policy making and that he had been discharged from his trust position in March 1985 because of his political affiliation with the party that had lost the 1984 gubernatorial election. Plaintiff sought reinstatement, back pay, and damages. Defendant Director of the Public Building Authority

moved for summary judgment claiming qualified immunity and asserting that it was not clearly established in March 1985 that dismissing plaintiff because of his political affiliation would violate plaintiff's first amendment rights. In his accompanying memorandum, defendant asked that all *damages* claims be dismissed. Defendant filed the OP–16 plaintiff had signed. This job classification form stated that plaintiff's immediate supervisor was the executive director and that plaintiff's duties were the following:

"Oversee the financial, administrative and operational activities of the Authority.

"Supervise the personnel adscribed [sic] to the Internal Audit Office.

"Prepare the annual work program.

"Personally intervne [sic] in those audits which are of a more complex or delicate nature.

"Advise other area Directors and offices in administrative and operational matters.

"Maintain the Executive Director informed of the results of the work rendered in the office.

"Execute any [s]pecial project which is assigned to me by the Executive Director or the Board of Directors."

The form also indicated that plaintiff supervised three persons—two auditors and a secretary—, that the review plaintiff received was superficial, and that plaintiff used his "own criteria, subject to review" to carry out his duties.

Plaintiff opposed the motion for summary judgment. While he did not dispute the authenticity of the OP–16, he argued that said job classification form did not establish that party affiliation was an appropriate requirement for the effective performance of director of the internal audit office and that defendant's qualified immunity argument would not dispose of plaintiff's claim for injunctive relief.

The district court denied defendant's motion for summary judgment and *sua sponte* entered judgment for plaintiff directing plaintiff's reinstatement with back pay.

In an opinion dated December 7, 1987, this court determined that plaintiff's position was "at a high enough level" and his duties, as described in the OP–16, were "not so purely technical, as to make dismissal '*clearly*' unlawful under the law as it was in 1985...." *Morales Morales v. Rafael Arias,* 834 F.2d 255, 257 (1st Cir.1987). Consequently, we concluded defendant was entitled to qualified immunity from damages liability, reversed the denial of qualified immunity, and remanded for further proceedings. A month and a half later, the district court, without (so far as appears from the docket) holding any further hearing on receiving any further submissions, entered a one page order dismissing plaintiff's complaint. The district court stated as follows:

"As examination of our original opinion and order of March 18, 1987, in light of the recent circuit decision, leaves no doubt in our mind that in addition to the issue of qualified immunity, the defendant is entitled to a finding that the position held by [plaintiff] as Internal Auditor of the Public Buildings Authority is a job that 'potentially' involves some matters of partisan political interests as defined in the First Circuit's case law. *See Zayas–Rodriguez v. Hernandez,* 830 F.2d 1, 2–3 (1st Cir.1987), and *Juarbe–Angueira v. Arias,* 831 F.2d 11 (1st Cir. 1985 [1987])."

◼ We conclude that the district court erred in dismissing plaintiff's action. In moving for summary judgment, defendant had not requested that plaintiff's entire action be dismissed, but instead had sought qualified immunity from *damages* liability. Consequently, we do not think plaintiff was fairly on notice that his request for reinstatement was also at issue, and hence plaintiff may not have come forward with all his evidence. *See Bonilla v. Nazario,* 843 F.2d 34, 37 (1st Cir.1988) (error to dismiss action *sua sponte* without giving plaintiffs notice that they had to produce all their evidence).

Nor do we think that the record established as a matter of law that plaintiff necessarily was entitled to no relief. The

two cases on which the district court relied are not controlling. They both addressed only qualified immunity claims. Indeed, in *Juarbe–Angueira*, which involved the dismissal of a regional director of the Public Building Authority, we stated that even if we assumed that the plaintiff's dismissal were unlawful the law in respect to his dismissal in March 1985 was unclear. Since, we said, a defendant loses his qualified immunity "only where the action in question is *clearly* unlawful," the defendant was entitled to qualified immunity from damages liability. We expressly stated no view on whether the regional director might ultimately be entitled to reinstatement. *Juarbe–Angueira v. Arias*, 831 F.2d at 12, *cert. denied*, — U.S. —, 108 S.Ct. 1222, 99 L.Ed.2d 423 (1988). And the inquiry in *Juarbe–Angueira* and *Zayas Rodriguez* into whether a job "potentially" concerned matters of partisan political interest was for the purpose of assessing whether the defendants were entitled to qualified immunity. That determination by itself does not necessarily establish whether the job is protected from patronage dismissal. Rather, the other considerations we have outlined in *Jimenez Fuentes v. Torres Gaztambide*, 807 F.2d 236, 241–42 (1st Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1888, 95 L.Ed.2d 496 (1987), and elaborated upon in, *e.g.*, *Mendez–Palou v. Rohena Betancourt*, 813 F.2d 1255, 1257–58 (1st Cir.1987), including whether performance is measured solely by strictly technical or professional criteria, must, in this case, be reviewed before determining that a plaintiff is not entitled to reinstatement.

In ruling in the present case that defendant was entitled to immunity from *damages* liability, we viewed the OP–16 in the context of 1985 law. At that time, there was little case law concerning whether the protection from patronage dismissals articulated in *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), and *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), applied to a higher level managerial employee such as plaintiff. Consequently, even if plaintiff's dismissal ultimately were determined to be unlawful, it could not be said it was *clearly* unlawful. Hence, defendant was entitled to qualified immunity.

■ Determining that the law was not clearly established at the time the official acted—with the result that the official is entitled to qualified immunity from damages liability—is one thing. Determining that political affiliation is indeed an appropriate requirement for the effective performance of the office involved—with the result that plaintiff is not entitled to reinstatement—is quite another. The first focuses on whether the defendant was *objectively reasonable* in concluding the position was not protected from patronage dismissal, the second on whether he was ultimately correct.

■ On the one hand, internal auditing, even as head internal auditor, may be a purely technical expertise. *See, e.g., DeChoudens v. Government Development Bank*, 801 F.2d 5, 9–10 (1st Cir.1986) (district court did not abuse its discretion in granting preliminary injunction requiring reinstatement to position of senior vice president where responsibilities appeared to involve politically neutral, technical and professional matters), *cert. denied*, — U.S. —, 107 S.Ct. 1886, 95 L.Ed.2d 494 (1987); *Fontane–Rexach v. Puerto Rico Electric Power Authority*, No. 87–1801, slip op. 7 (1st Cir. April 22, 1988). Or, on the other hand, the case may be, as defendant argued below in claiming qualified immunity but which has not been sufficiently established by affidavit or otherwise, that the director of the internal audit office has access to confidential information and/or "great influence in the formulation and implementation of the policies of the Authority" (and that these policy decisions are the type about which there is room for political disagreement). These matters however, can not be determined on the somewhat skeletal OP–16 presented, but rather need further evidentiary development.

The judgment summarily dismissing plaintiff's action is vacated and the case is

remanded for further proceedings. First Circuit Rule 27.1 (summary disposition).