923 F.2d 200
 287 U.S.App.D.C. 377
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Edward D. ASHFORD, Appellant,
v.
Marion S. BARRY, Jr., Mayor, et al.
 No. 90-7040.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 14, 1990.
 
 Before MIKVA, RUTH BADER GINSBURG and CLARENCE THOMAS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary affirmance and appellant's brief, it is
 
 
 2
 ORDERED that the motion for summary affirmance be granted. Under controlling precedent, appellant, beyond doubt, was accorded due process with regard to his segregation from the general prison population. See Hewitt v. Helms, 459 U.S. 460, 472 (1982). The prison officials' determinations, we note, plainly were supported by "some evidence in the record." See Superintendent v. Hill, 472 U.S. 445, 454 (1984).
 
 
 3
 Notwithstanding our disposition of this appeal, we do not endorse the swift course taken by the district court. A complaint that fails to state a claim upon which relief can be granted, see Fed.R.Civ.P. 12(b)(6), or one that is appropriate for summary judgment, is not necessarily "frivolous." See Nietzke v. Williams, 109 S.Ct. 1827, 1831 (1989). Moreover, when a district court is inclined to enter summary judgment or dismiss the complaint under Rule 12(b)(6) on its own motion, the parties should be given notice of the court's intention to do so. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1985); Donate-Romero v. Colorado, 856 F.2d 384, 387 (1st Cir.1988). The brief for appellant filed in this court, however, afforded appellant the opportunity for a full statement of his case. We are satisfied, after due consideration of that brief, that a remand in this matter would be a useless formality. We anticipate that, in the future, the district court will pause to make certain the parties are notified before it enters a dispositive order.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.